**NORTH HILLS SCHOOL DISTRICT,
Appellant,**

v.

**PENNSYLVANIA LABOR RELATIONS
BOARD.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1998.

Decided Jan. 12, 1999.

Michael J. Witherel, Pittsburgh, for appellant.

John B. Neurohr, Harrisburg, for appellee.

Before COLINS, President Judge, FLAHERTY, J. (P.), and JIULIANTE, Senior Judge.

COLINS, President Judge.

Before the Court is the appeal of the North Hills School District (Employer) from the decision of the Court of Common Pleas of Allegheny County (Court of Common Pleas), which affirmed the decision of the Pennsylvania Labor Relations Board (Board). The Board found that Shirley Dougherty (Dougherty) was not a confidential employee in accordance with the Public Employe Relations Act (PERA).[1] Because we believe that the Board's decision is arbitrary and capricious, we reverse and remand.

1. Act of July 23, 1970, P.L. 563, *as amended*, 43

On October 30, 1995, the North Hills Educational Support Personnel Association (Association) filed a Petition for Unit Clarification with the Board seeking to include four positions in its existing nonprofessional bargaining unit of secretarial and clerical employees. These positions had been excluded from the unit as confidential employees as defined by Section 301(13) of PERA, 43 P.S. §1101.301. The Association withdrew its request to include one of the positions in the bargaining unit, and a hearing was held before a duly appointed hearing examiner on May 17, 1996, to address the remaining three positions. On July 29, 1996, the hearing examiner issued a Proposed Order of Unit Clarification in which he concluded that one of the positions (the human resources administrative assistant) was confidential pursuant to PERA and was properly excluded from the Association's bargaining unit. Conversely, the hearing examiner found that the positions of secretary to the assistant superintendent (Dougherty's position) and the secretary to the director of fiscal management and support services were not confidential in accordance with PERA. The hearing examiner believed that those positions should be included in the Association's nonprofessional bargaining unit.

With respect to Dougherty's position, the hearing examiner made the following findings of fact:

16. That Shirley Dougherty holds the position of secretary to the assistant superintendent and has held that position for the last 2½ years. (N.T. 60–61.)

17. That Richard Santillo, the assistant superintendent, is a member of the District's negotiation team and sits at the table during negotiations, has participated in negotiations with the teachers union, custodians and the Act 93 employes. (N.T. 62–63.)

**That Ms. Dougherty has been required to shred work sheets with regard to collective bargaining.** (N.T. 64–65.)

19. That prior to the filing of this unit clarification petition, Ms. Dougherty did not type any proposals involving the teachers negotiations. (N.T. 64–65.)

P.S. §§1101.101–1101.2301.

20. That after the filing of this unit clarification petition, Ms. Dougherty typed the District's proposals to the custodian unit and also drafted changes to the proposal. (N.T. 68, 70–71, 93.)

(Proposed Order for Unit Clarification, p. 3 (emphasis added).) In discussing Dougherty's pre-petition activities, the hearing examiner went on to add:

With regard to Ms. Dougherty, the recc.. shows that her *only* involvement in matters associated with collective bargaining consists of shredding work sheets related to collective bargaining. This participation with matters involving collective bargaining is minimal.

(*Id.* at p. 5 (emphasis added).) Also, the hearing examiner refused to give any credence to Ms. Dougherty's post-petition activities, citing a longstanding Board policy against considering such evidence in a Petition for Unit Clarification. The hearing examiner further noted that the assignment of confidential duties to Dougherty had "increased substantially after the Association filed this unit clarification petition." (*Id.*)

Accordingly, the hearing examiner's Proposed Order of Unit Clarification held that Dougherty was not a confidential employee because her only involvement with collective bargaining was shredding collective bargaining work sheets, and that Dougherty's post-petition activities were completely discounted in examining the Petition for Unit Clarification.

Both the Association and the Employer filed exceptions to the Proposed Order of Unit Clarification. On March 18, 1997, the Board issued a Final Order adopting the hearing examiner's proposed findings of fact and conclusions of law as they related to Dougherty.[2] Employer then appealed to the Court of Common Pleas arguing that the Board erred by not considering certain evidence of Dougherty's pre-petition duties, which would have required granting her confidential status. In addition, Employer contended that the Board erred by completely

discounting the confidential duties assigned to Dougherty after the filing of the petition. The Court of Common Pleas affirmed, holding that Employer failed to establish that Dougherty's pre-petition activities warranted confidential status and that the Board was correct in not considering Dougherty's post-petition duties.

 Employer now appeals to this Court, reiterating the arguments that it made to the Court of Common Pleas and proffering that the Board's decision is arbitrary and capricious. Our scope of review of a bargaining unit determination made by the Board pursuant to PERA is limited to ascertaining whether the findings of fact are supported by substantial evidence and whether the conclusions drawn from those facts are reasonable and not arbitrary, capricious or incorrect as a matter of law. *Joint Bargaining Comm. of the Social Services Union v. Pennsylvania Labor Relations Bd.,* 68 Pa. Cmwlth. 307, 449 A.2d 96 (Pa.Cmwlth.1982), *aff'd,* 503 Pa. 236, 469 A.2d 150 (1983). The Board possesses administrative expertise in the area of public labor relations, and therefore, its decisions are entitled to a measure of deference from this Court. *American Fed'n of State, County and Mun. Employees v. Pennsylvania Labor Relations Bd.,* 150 Pa. Cmwlth. 642, 616 A.2d 135 (Pa.Cmwlth.1992). "It is the function of the PLRB, not this Court, to resolve conflicts in the evidence presented, to assess the credibility of witnesses, to resolve primary issues of fact and to draw the inferences from the facts necessary for a resolution of the complaint." *Joint Bargaining Comm.,* 449 A.2d at 97. Thus, this Court will not simply substitute its judgment for that of the Board. *Id.* at 98. However, this Court will reverse a Board determination that contains conclusions of law that are unsubstantiated or unreasonable in light of the record. Since we find that the Board's conclusion of law that Dougherty was not a confidential employee is unsubstantiated and unreasonable in light of the rec-

---

2. The Board did not adopt the findings of fact and conclusions of law as they related to the position of secretary to the director of fiscal management and support service. The Board instituted its own findings of fact on this issue and concluded that this position was confidential and properly excludable from the bargaining unit.

ord, and as such is arbitrary and capricious, we reverse and remand.

The hearing examiner premised his decision on the finding of fact that Dougherty's involvement with collective bargaining consisted only of shredding confidential documents; the Board adopted this finding of fact. Our review of the record reveals that neither the hearing examiner nor the Board addressed critical evidence of Dougherty's pre-petition activities that weighed in favor of granting confidential status. Ms. Dougherty testified as follows:

Q. Those memoranda that he [Mr. Santillo] prepared for the Board on negotiations, then how did they get to the Board?

A. Well, first off whenever he does type his own memos he sends them out to me and has me proof them and then—and then I copy them so that he has a copy for his file and then pass it onto Mr. Esaias' [the superintendent] office.

Q. Even these memorandums [sic] that Mr. Santillo prepared then, you actually read them; is that correct?

A. Right.

Q. You had to proof them?

A. Right.

Q. And these were memorandums [sic] concerning the teachers' negotiations?

A. Yes.

. . .

Q. Were they confidential memorandums [sic] to the Board of education [sic]?

A. Yes.

(Notes of Testimony, pp. 75–76.) Assuming that Dougherty testified truthfully here, we can envision no rational reason why her position would not warrant confidential status. As such, the failure to address this significant excerpt of testimony that evidences that Dougherty did perform substantial confidential duties prior to the filing of the Petition for Unit Clarification leaves a gap in the decision below that makes that decision patently unsubstantiated and unreasonable, and as such, arbitrary and capricious.

The Board attempts to fill this gap by arguing that the Board could not rely upon Dougherty's proofreading and photocopying duties because Employer failed to substantiate the confidential nature of those duties. In essence, the Board argues that Employer had the burden of establishing the confidential nature of Dougherty's duties and it failed to do so. We disagree with the Board's position because Dougherty's testimony is not refuted, and is simply too critical to the operative issue to have not been addressed. This testimony is clearly at odds with the hearing examiner's ultimate finding of fact, that the only duties Dougherty performed consisted of shredding confidential documents. Had the hearing examiner or the Board found Dougherty not credible, or found her testimony inaccurate or incompetent because the memoranda that she proofread were not confidential, as she believed, arguably our holding here could be different. Nevertheless, although the Board is not obligated to address every piece of evidence and every bit of testimony placed before it, we believe that critical testimony that runs contrary to the Board's decision, such as Dougherty's assertions that she did perform confidential duties, would have to be addressed for the Board to have reached a reasonable decision.

Moreover, the Board's conclusion of law that Dougherty was not a confidential employee is even more unreasonable in light of its granting of confidential status to the position of secretary to the director of fiscal management and support services. The Board granted confidential status to the secretary to the director of fiscal management and support services because the secretary in that position prepared certain confidential documents. (Board's Order, p. 1.) Assuming again that Dougherty's testimony was truthful and accurate, she read every confidential memorandum prepared by the assistant superintendent. It is difficult to conceive how Dougherty's proofreading duties would expose her to less confidential information than a secretary who prepared confidential documents. Unless, of course, Dougherty's testimony was not believable or premised on her false assumption that the memoranda were confidential, which we have no indication is

the case here. In sum, after reviewing the record it appears that Dougherty, if she testified truthfully and accurately, would have been privy to at least the same general amount of confidential information as the secretary to the director of fiscal management and support services. In the absence of some discussion differentiating the two positions, the Board's decision is arbitrary and capricious.

■ As for Employer's argument that the Board erred by completely discounting Dougherty's post-petition activities, we disagree. The Board's refusal to address Ms. Dougherty's post-petition activities was proper. The Board has a longstanding policy to view post-filing activities relating to the confidential status of the employee as highly suspect. This policy is rooted in the belief that confidential activities will be assigned to an employee after a petition is filed to obfuscate an attempt to include certain employees in a bargaining unit. Although the Board presents no persuasive authority in support of its policy, we find that the policy is in line with Board's duty as fact finder to weigh credibility in these cases, and thus, is entitled to our deference. *Xilas v. Pennsylvania Labor Relations Bd.*, 65 Pa.Cmwlth. 18, 441 A.2d 513, 514 (Pa.Cmwlth.1980) ("Board ... has the final authority to determine issues of credibility.").

Additionally, the Board's policy does not leave Employer without any remedy since Employer has the ability to file its own Petition for Unit Clarification alleging a bona fide change in an employee's duties which now requires confidential status. Thus, Employer has an avenue of relief if Dougherty was in fact assigned confidential duties after the filing of the petition at issue in the present case. Employer should have brought its own Petition for Unit Clarification and attempted to establish that the Dougherty's duties now warrant confidential status. In this action, the evidence of Dougherty's post-petition activities would have been examined. In effect, the Board's policy sets down a line of demarcation for parallel proceedings; one to examine pre-petition activities and one to examine post-petition activities. We believe that the Board's approach here is both reasonable and equitable.

Accordingly, the decision of the Court of Common Pleas of Allegheny County which affirmed the decision of the Pennsylvania Labor Relations Board is reversed, and this matter is remanded to the Board to address the evidence of record that Dougherty performed confidential duties prior to the filing of the Petition for Unit Clarification.

### *ORDER*

AND NOW, this 12th day of January, 1999, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed, and this matter is remanded to the Board to address the evidence of record that Shirley Dougherty performed confidential duties prior to the filing of the Petition for Unit Clarification.

Jurisdiction relinquished.