**NORTH HILLS SCHOOL DISTRICT, Appellant,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD.**

Commonwealth Court of Pennsylvania.

Argued Oct. 31, 2000.
Decided Dec. 1, 2000.

---

Michael J. Witherel, Pittsburgh, for appellant.

John B. Neurohr, Harrisburg, for appellee.

Before FRIEDMAN, Judge, LEADBETTER, Judge and LEDERER, Senior Judge.

FRIEDMAN, Judge.

The North Hills School District (School District) appeals from the April 10, 2000 order of the Court of Common Pleas of Allegheny County (trial court), which affirmed the Final Order of the Pennsylvania Labor Relations Board (PLRB) holding that the position of Secretary to the Assistant Superintendent is not a confidential position and, thus, can be included in the bargaining unit certified by the PLRB.

On October 30, 1995, the North Hills Educational Support Personnel Association, ESPA/PSEA/NEA (Union) filed a Petition for Unit Clarification with the PLRB, seeking to include three positions [1] in its existing nonprofessional bargaining unit for secretarial and clerical employees. The positions at issue included: (1) Secretary to the Director of Fiscal Management and Support Services, held by Paula Perfetti; (2) Human Resources Administrative Assistant, held by Valerie Mangine; and (3) Secretary to the Assistant Superintendent and to the Director of Pupil Services, held by Shirley Dougherty.[2]  (R.R. at 1a–

---

1. The request was withdrawn with respect to a fourth position.  (R.R. at 13a.)

2. Prior to the May 17, 1996 hearing in this matter, Dougherty was working for both the Assistant Superintendent, Richard Santillo, and for the Director of Pupil Services, Dr. Rita Neu. However, subsequently, the School District eliminated this combined position. At the outset of the hearing before the hearing examiner, counsel for the School District explained that Dougherty no longer performed secretarial duties for Dr. Neu but, instead,

2a.) The people holding these positions had been considered "confidential employes," as that term is defined in section 301(13) of the Public Employe Relations Act (PERA),[3] and, thus, had been excluded from the bargaining unit.

After holding a hearing on the matter and receiving evidence from both parties, the hearing examiner issued a Proposed Order of Unit Clarification. In the Proposed Order, the hearing examiner concluded that Mangine's position as Human Resources Administrative Assistant was confidential and so properly excluded from the Union's bargaining unit; however, the hearing examiner reached the opposite conclusion with respect to the other two positions at issue. As to Dougherty's position, the hearing examiner made the following findings of fact:

16. That Shirley Dougherty holds the position of secretary to the assistant superintendent and has held that position for the last 2½ years. (N.T. 60–61)

17. That Richard Santillo, the assistant superintendent, is a member of the [School] District's negotiation team and sits at the table during negotiations, has participated in negotiations with the teacher's union, custodians and the Act 93 employes. (N.T. 62–63) .

18. That Ms. Dougherty has been required to shred work sheets with regard to collective bargaining. (N.T. 64–65)

19. That prior to the filing of this unit clarification petition, Ms. Dougherty did not type any proposals involving the teacher's negotiations. (N.T. 64–65)

20. That after the filing of this unit clarification petition, Ms. Dougherty typed the [School] District's proposals to the custodial unit and also drafted changes to the proposal. (N.T. 68, 70–71, 93)

(Proposed Order for Unit Clarification at 3, R.R. at 168a.) Based on these findings, the hearing examiner held that Dougherty was not a confidential employee within the meaning of the PERA, reasoning that her pre-petition[4] involvement with collective bargaining was minimal because it was confined to the shredding of work sheets. (Proposed Order of Unit Clarification at 5, R.R. at 170a.)

The Union and the School District both filed exceptions to the Proposed Order for Unit Clarification, and, on March 18, 1997, the PLRB issued a Final Order in which it adopted the hearing examiner's findings of fact and conclusions of law relating to Dougherty.[5] The School District then appealed from that portion of the Final Order pertaining to Dougherty, and the trial court affirmed the PLRB, holding that Dougherty's activities did not warrant confidential status where the School District "simply failed to show that the duties of the secretary to the assistant superintendent prior to the filing of the unit clarifica-

only served as secretary to Assistant Superintendent Santillo. (R.R. at 14a; 64a–65a.)

3. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. § 1101.301(13). This section states that a

"**Confidential employe**" shall mean any employe who works: (i) in the personnel offices of a public employer and has access to information subject to use by the public employer in collective bargaining; or (ii) in a close continuing relationship with public officers or representatives associated with collective bargaining on behalf of the employer.

4. Although noting that assignment of confidential duties to Dougherty increased substantially *after* the Union filed its Petition for

Unit Clarification, the hearing examiner refused to consider any of Dougherty's post-petition activities in his examination of that Petition. (Proposed Order of Unit Clarification at 5, R.R. at 170a.)

5. The PLRB made its own findings with regard to the position of Secretary to the Director of Fiscal Management and Support Services, held by Perfetti, and, contrary to the hearing examiner, concluded that Perfetti was properly excluded from the bargaining unit as a confidential employee. (R.R. at 179a–82a.) The PLRB also dismissed the Union's exceptions to the Proposed Order for Unit Clarification. (R.R. at 180a–81a.)

tion made her privy to information that would reveal the [School District's] collective bargaining strategy and seriously impair the [School District's] ability to bargain on an equal footing with its employes' unions."[6] (Trial ct. op. of September 2, 1997 at 5, R.R. at 188a.)

The School District then filed an appeal with this court. We cited testimony from Dougherty regarding her confidential pre-petition activities, specifically, the proofreading and copying of memoranda from Santillo to the School Board concerning teacher negotiations,[7] and we noted that this critical testimony ran counter to the hearing examiner's finding that Dougherty's *only* confidential duties were to shred work sheets related to collective bargaining.[8] Because the PLRB neither refuted nor disbelieved this crucial evidence but, instead, simply ignored it, we reversed and remanded the matter to the PLRB "to address the evidence of record that Dougherty performed confidential duties prior to the filing of the Petition for Unit Clarification." *North Hills School District v. Pennsylvania Labor Relations Board,* 722 A.2d 1155, 1159 (Pa.Cmwlth.1999).[9]

**6.** The trial court agreed with the hearing examiner and the PLRB that Dougherty's postpetition activities should not be considered in determining her status as a confidential employee.

**7.** We noted that Dougherty testified as follows:

Q. Those memoranda that he [Mr. Santillo] prepared for the Board on negotiations, then how did they get to the Board?
A. Well, first off whenever he does type his own memos he sends them out to me and has me proof them and then—and then I copy them so that he has a copy for his file and then pass it onto Mr. Esaias' [the superintendent] office.
Q. Even these memorandums [sic] that Mr. Santillo prepared then, you actually read them; is that correct?
A. Right.
Q. You had to proof them?
A. Right.
Q. And these were memorandums [sic] concerning the teachers' negotiations?
A. Yes.
. . .

Following remand, on July 27, 1999, the PLRB issued a new Final Order. As an initial matter, the PLRB discussed the scope of this court's remand order and, based on the language in that order, rejected the School District's position that the PLRB was limited on remand to determining only whether Dougherty testified truthfully when she said she proofread the memoranda at issue. To the contrary, the PLRB determined that it was not confined to addressing the testimony specifically cited by this court but, rather, must examine the record as a whole. Then, relying on *Pennsylvania Labor Relations Board v. Altoona Area School District,* 480 Pa. 148, 389 A.2d 553 (1978), and *Bangor Area School District,* 9 PPER ¶ 9295 (Nisi Decision and Order 1978), the PLRB adopted a narrow construction of the PERA's confidential employee exclusion and conducted its examination of the record in that context.

Addressing the testimony cited in *North Hills School District,* the PLRB largely discounted it as convincing evidence of Dougherty's confidential status. The

Q. Were they confidential memorandums [sic] to the Board of education [sic]?
A. Yes.
(N.T. at 75–76, R.R. at 79a–80a.) After setting forth this testimony, we stated, "Assuming that Dougherty testified truthfully here, we can envision no rational reason why her position would not warrant confidential status." *North Hills School District v. Pennsylvania Labor Relations Board,* 722 A.2d 1155, 1158 (Pa.Cmwlth.1999).

**8.** We also noted that the PLRB's conclusion of law that Dougherty was not a confidential employee appeared unreasonable in light of the PLRB's grant of confidential status to Perfetti. We reasoned that, assuming Dougherty's testimony was truthful and accurate, her proofreading of confidential memoranda was equivalent to Perfetti's preparation of confidential documents, and, therefore, absent a discussion to differentiate the two positions, the PLRB's decision was arbitrary and capricious. *North Hills School District.*

**9.** We did agree, however, that the PLRB's refusal to address Dougherty's post-petition activities was proper. *Id.*

PLRB noted that the School District's own counsel admitted that Dougherty's description of the memoranda as "confidential" was not intended as a legal conclusion that the memoranda were confidential for the purpose of the PERA, but merely confidential in the sense that the memoranda were for the School Board's members' eyes only.[10] The PLRB then stressed that the School District failed to introduce the memoranda themselves or elicit testimony about their content that would support a finding that, by proofreading the memoranda, Dougherty became privy to the type of information that would make her a confidential employee under the narrow construction advocated in *Altoona Area School District* and *Bangor Area School District.*[11] In fact, the PLRB cited other testimony from Dougherty indicating that she was not privy to confidential information.[12] In essence, the PLRB refused to guess at the information in the memoranda to conclude that Dougherty was exposed to

*any* information that was unknown to the Union or would seriously impair the School District's ability to bargain on a fair and equal footing with the Union. Accordingly, as it did in its previous Final Order, the PLRB concluded that the School District failed to meet its burden of proving that Dougherty should be excluded from the bargaining unit as a confidential employee.

The School District filed another appeal to the trial court, which affirmed the PLRB's conclusion that, although Dougherty's testimony suggested the possible confidential nature of her duties, where the School District failed to provide substantiating examples, it could not prove its claim that Dougherty's position was properly excluded as confidential. The School District's second appeal to this court followed.[13]

Although acknowledging the deference ordinarily owed to PLRB decisions,[14] the

10. The PLRB referred to the following colloquy between counsel for the School District and counsel for the Union, which occurred immediately after Dougherty described the memoranda as "confidential."

ATTORNEY ABRAHAM: I would only ask that you clarify that. When you say confidential, you mean confidential meant for the Board's eyes only?
ATTORNEY WITHEREL: Yes, Yes.
ATTORNEY ABRAHAM: You're not making a legal conclusion that they were confidential per the [PERA]?
ATTORNEY WITHEREL: No, I'm not.
ATTORNEY ABRAHAM: Okay.
ATTORNEY WITHEREL: No, I'm not.
(N.T. at 76, R.R. at 80a.)

11. This court questioned why the PLRB concluded that Perfetti was a confidential employee but did not reach the same conclusion with respect to Dougherty. In response, the PLRB explained that, in Dougherty's case, the School District failed to present substantial and credible evidence to support its claim that Dougherty was exposed to information that warranted a confidential employee exclusion under *Altoona Area School District* and *Bangor Area School District,* whereas the School District did adduce such evidence with regard to Perfetti by presenting specific documents prepared by Perfetti that clearly supported her confidential status.

12. The PLRB referred to the following testimony from Dougherty:

Q. Do you sit in on any strategy sessions with Mr. Santillo?
A. No.
Q. Does he reveal to you any of the District strategies before they are known to the union?
A. No.
Q. Does he tell you what the bottom line is for the District?
A. No.
Q. Do you know any of the District strategies that they plan to use with regard to negotiations?
A. No.
(N.T. at 72–73, R.R. at 76a–77a.)

13. In reviewing a decision of the PLRB, our scope of review is limited to determining whether there has been a violation of constitutional rights, an error of law, or whether the agency's findings of fact are supported by substantial evidence. *The School District of Philadelphia v. Pennsylvania Labor Relations Board,* 719 A.2d 835 (Pa.Cmwlth.1998).

14. Because the PLRB possesses administrative expertise in the field of public employee labor relations, this court owes a measure of deference to PLRB decisions. *American Federation of State, County and Municipal Employees, Council 13, AFL–CIO v. Pennsylvania*

School District essentially argues that the PLRB's new Final Order is as bereft of support in the record as its initial Final Order, which this court previously determined to be arbitrary and capricious in *North Hills School District.* Thus, the School District again asserts that the PLRB erred in determining that the position of Secretary to the Assistant Superintendent is not a confidential position within the meaning of the PERA. In fact, the School District maintains that, on remand, the PLRB did not heed our directive to address Dougherty's compelling and uncontroverted testimony that she proofread and copied Santillo's confidential memoranda on teacher's negotiations but that, instead, the PLRB simply manufactured a reason for rejecting Dougherty's testimony. According to the School District, the position that Dougherty occupied at the time the Union filed its Petition for Unit Clarification clearly was confidential as defined in the PERA, and the reasons set forth by the PLRB in support of a contrary conclusion either are refuted by the record or have been rejected by this

court.[15] For somewhat different reasons, we agree that the PLRB's reasons for its decision are ill-founded.

■ In its analysis, the PLRB appears to forget that the PERA defines *two* distinct categories of confidential employees. Section 301(13) *(ii)* of the PERA, which applies here, defines a confidential employee in broad terms as "any employe who works ... in a close continuing relationship with public officers or representatives *associated with* collective bargaining on behalf of the employer." 43 P.S. § 1101.301(13)(ii) (emphasis added). Here, Santillo is a member of the School District's negotiation team, sits at the bargaining table during negotiations and has assumed an intense role in negotiations with the teacher's union, custodians and the Act 93 employes. (*See* PLRB's Findings of Fact, No. 17; R.R. at 78a.) Thus, Santillo indisputably qualifies as a "representative associated with collective bargaining" on behalf of the School District. Further, as Santillo's only secretary, Dougherty clearly has a close continuing

---

Labor Relations Board, 150 Pa.Cmwlth. 642, 616 A.2d 135 (1992). Thus, we have declined to interfere with the judgment of the PLRB where its conclusions are not arbitrary or capricious, but can reasonably be drawn from facts supported by the record. *West Hanover Township v. Pennsylvania Labor Relations Board,* 166 Pa.Cmwlth. 260, 646 A.2d 625 (1994); *Joint Bargaining Committee of the Pennsylvania Social Services Union v. Pennsylvania Labor Relations Board,* 68 Pa.Cmwlth. 307, 449 A.2d 96 (1982), *aff'd,* 503 Pa. 236, 469 A.2d 150 (1983).

**15.** With regard to the importance the PLRB places on the fact that Dougherty's use of the word "confidential" was not an attempt to reach a legal conclusion, the School District asserts that, although Dougherty does not, and may not, reach such a legal conclusion, she may, and did, testify as to facts connected to the confidential nature of her duties. Specifically, she testified that she reviewed "confidential" memoranda that were meant for the school board's eyes only and that these memoranda were written by a key member of the School District's negotiating team during teacher negotiations. The School District contends that, assuming Dougherty testified

truthfully, any reasonable observer would conclude from these facts that her position would warrant confidential status. *See North Hills School District.*

According to the School District, the real question concerns the contents of the memoranda that Dougherty reviewed. Although we do not agree that this is the "real question" here, we do agree with the School District that, in spite of the School District's failure to produce the memoranda themselves, the record contains ample indication of their content. In fact, as the School District points out, the PLRB took this position in the prior appeal, and this court disagreed that failure to present the memoranda would act to refute Dougherty's testimony. "The [PLRB argues that it] could not rely upon Dougherty's proofreading and photocopying duties because [the School District] failed to substantiate the confidential nature of those duties. In essence, the [PLRB] argues that [the School District] had the burden of establishing the confidential nature of Dougherty's duties and it failed to do so. We disagree with the PLRB's position because Dougherty's testimony is not refuted...." *North Hills School District,* 722 A.2d at 1158.

relationship with Santillo and, thus, appears to have fully satisfied the PERA's *second* definition of a confidential employee. The PLRB determines otherwise based on the School District's failure to present copies of the memoranda or specific testimony as to their content. However, the School District did not need to present such evidence to meet its burden *under section 301(13)(ii)* of the PERA.

■ The problem here appears to be that the PLRB applied the test used for section 301(13) *(i)* of the PERA, which not only requires that the employee work in the personnel office of a public employer, *but also* that the employee have access to information subject to use by the public employer in collective bargaining. In clarifying this requirement, the PLRB has determined that section 301(13) *(i)* of the PERA requires proof that the information to which the employee is privy "must be of such a definite nature that the union would know of the employer's plans if said information is revealed." *Bangor Area School District*, 9 PPER at 533. However, section 301(13) *(ii)* of the PERA does not even mention the content of the information accessible to the employee; rather, in that second category of confidential employee, the focus is upon the level of association that the public officer or representative has with the employer's collective bargaining process. As interpreted by the PLRB, the exclusion under section 301(13) *(ii)* is limited to employees who work in a close continual relationship with "managerial personnel who actually participate in the collective bargaining in [sic] behalf of the public employer," *Altoona Area School District*, 480 Pa. at 155, 389 A.2d at 557, in other words, those who actually formulate,

determine or effectuate the employer's labor policy. *Id.*

Where an employee has a close relationship with such involved management personnel, the PERA appears to assume that that employee would have access to confidential information,[16] so that their "inclusion in the bargaining unit would seriously impair the public employer's ability to bargain on a fair and equal footing with the union." *Id.* at 155, 389 A.2d at 557. Thus, applying the second definition of confidential employee in *Altoona Area School District*, our supreme court found no error in the PLRB's determination that four secretaries were not confidential employees within the meaning of section 301(13) *(ii)* of the PERA where the secretaries worked for school principals who were *not* part of the school district's bargaining team and had only a tenuous association to the bargaining process. It is noteworthy that, only in ruling on the confidential status of a payroll clerk under section 301(13) *(i)* of the PERA, did the supreme court consider the nature of the information to which the clerk had access and question whether this information also was available to the public or the employee association. *Altoona Area School District.*

As explained, the PLRB's reliance on *Altoona Area School District* and *Bangor Area School District* is misplaced because, contrary to the position taken by the PLRB and the Union, nothing in those cases dictates the result reached here by the PLRB. Quite the opposite, both *Altoona Area School District* and *Bangor Area School District* actually support a finding that Dougherty is a confidential employee,

---

**16.** The School District appears to echo this assumption at page 17 of its brief when it states that, although some of the memoranda may have been innocuous,

one would have to take leave of one's senses to believe that a key negotiator for the [School] District could issue several memoranda to the School Board and not once mention [School] District strategy.

Indeed, [the Commonwealth Court] has already indicated as much in comparing Ms. Dougherty's position to Ms. Perfetti's. "It is difficult to conceive how Dougherty's proofreading duties would expose her to less confidential information than a secretary [who was found by the [PLRB] to be in a confidential position] who prepared confidential documents." (Exhibit 1 at 7).

as that term is intended in section 301(13)(ii) of the PERA.

Accordingly, we reverse.

*ORDER*

AND NOW, this 1st day of December, 2000, the order of the Court of Common Pleas of Allegheny County, dated April 10, 2000, is hereby reversed.