**NESHANNOCK EDUCATIONAL SUP-PORT PROFESSIONALS ASSOCI-ATION, PSEA/NEA, Petitioner**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 4, 2011.

Decided June 14, 2011.

Richard S. McEwen, Edinboro, for petitioner.

Samuel B. Ickes, Harrisburg, for respondent.

Jonathan Solomon, New Castle, for intervenor Neshannock Township School District.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

The Neshannock Educational Support Professionals Association, PSEA/NEA (Association), petitions for review of the July 12, 2010, final order of the Pennsylva-

nia Labor Relations Board (PLRB) dismissing the Association's petition for unit clarification, which sought to add the Neshannock Township School District's (District) accounts payable clerk to the bargaining unit for non-professional employees. The PLRB concluded that the accounts payable clerk should be excluded because she is a "confidential employe" under section 301(13) of the Public Employe Relations Act (PERA).[1] We reverse and remand for further proceedings.

In 2007, the District negotiated a successor collective bargaining agreement with the exclusive representative of its professional employees. The superintendent, Dr. Mary Todora, the assistant superintendent, Dr. Kathleen Roppa, and the director of pupil services, Concetta Fiorante, were members of the District's bargaining team and sat at the bargaining table. In 2008, the District negotiated a successor collective bargaining agreement for its non-professional employees. Again, Dr. Todora, Dr. Roppa, and Fiorante were members of the District's bargaining team and sat at the bargaining table. Dr. Todora was the District's chief negotiator.

Gisela Arrow. is the District's accounts payable clerk, who reports directly to the business manager, Melissa Morosky.[2] Arrow is responsible for all matters relating to accounts payable, including the payment of bills and reimbursement for Title I and Title II grants. During the District's 2008 negotiations, Arrow prepared for Dr. Todora a cost analysis of an insurance proposal, which Dr. Todora presented at the bargaining table. During the 2007 negotiations, Arrow provided Dr. Roppa with information regarding Title I and Title II grants that were available to offset employee salaries.

On April 13, 2009, the Association filed the instant petition. After an evidentiary hearing, the PLRB concluded that the accounts payable clerk is a "confidential employe" under section 301(13) of PERA and issued a proposed order of dismissal on February 12, 2010. The Association filed exceptions to the proposed order, which were dismissed. The PLRB entered a final order on July 12, 2010, wherein it concluded:

> [I]n two recent contract negotiations, the Accounts Payable Clerk provided District bargaining team members (the Superintendent and Assistant Superintendent) with information that they utilized to analyze bargaining proposals. The Accounts Payable Clerk's performance of such duties demonstrates that she has a close continuing relationship with District representatives associated with collective bargaining. Therefore,

---

1. Act of July 23, 1970, P.L. 563, 43 P.S. § 1101.301(13). Section 301(13) of PERA provides:

   "**Confidential employe**" shall mean any employe who works: (i) in the personnel offices of a public employer and has access to information subject to use by the public employer in collective bargaining; or (ii) in a close continuing relationship with public officers or representatives associated with collective bargaining on behalf of the employer.
   43 P.S. § 1101.301(13).

2. As of the date of the Association's petition, Morosky had not participated in the District's

collective bargaining negotiations. The District, which has intervened in this appeal, asserts that Morosky has recently assumed the duties of the school board secretary as well as maintaining her position as business manager. The District claims that, in her new role, Morosky is now actively involved in the collective bargaining process. (Intervenor's Brief at 1–2.) However, we may not consider an employee's involvement in collective bargaining *after* the filing of a petition for unit clarification. *See North Hills School District v. Pennsylvania Labor Relations Board,* 762 A.2d 1153, 1155–56 nn. 4 & 9 (Pa.Cmwlth. 2000).

she is confidential under the second prong of Section 301(13).

(Final Order at 5.) The Association now petitions for review of that decision.[3]

In its petition, the Association asserts that: (1) the PLRB erred in concluding that the accounts payable clerk worked in a close continuing relationship with the superintendent and the assistant superintendent under section 301(13)(ii) of PERA; (2) the PLRB erred in failing to analyze the accounts payable position under section 301(13)(i) of PERA; and (3) the PLRB's finding that the District did not attempt to scatter confidential duties among its employees was unsupported by substantial evidence. Because we conclude that the Association's first claim has merit, we reverse and remand.

### (1) Section 301(13)(ii) of PERA

■ The Association argues that the PLRB erred in concluding that the accounts payable clerk is a confidential employee under section 301(13)(ii) of PERA because (1) Arrow worked directly for the business manager, who had no role in collective bargaining, and (2) Arrow's providing Dr. Todora and Dr. Roppa with financial information on two occasions was insufficient to establish a close continuing relationship with them. We agree.

In concluding that Arrow was a confidential employee, the PLRB relied on *North Hills School District v. Pennsylvania Labor Relations Board*, 762 A.2d 1153 (Pa.Cmwlth.2000). In *North Hills*, this court concluded that the secretary (Dougherty) to an assistant superintendent (Santillo) of a school district was a confidential employee under section 301(13)(ii) of PERA. Santillo was a member of the dis-trict's negotiation team and sat at the bargaining table. In her capacity as Santillo's secretary, Dougherty shredded worksheets related to collective bargaining and proofread and copied memoranda from Santillo to the school board concerning teacher negotiations. The PLRB had determined that Dougherty was not a confidential employee because it found no evidence that any of the documents to which Dougherty was exposed contained confidential information. *Id.* at 1156–57.

On appeal, this court reversed. We began by noting that the PLRB improperly focused its analysis on subsection (i) of section 301(13), which requires that the employee have direct access to information used in the bargaining process. The PLRB should have conducted its analysis under subsection (ii) because Dougherty worked for a member of the district's bargaining team. We explained that whether Dougherty had been exposed to confidential information was irrelevant to the inquiry under subsection (ii):

> [S]ection 301(13)(*ii*) of the PERA does not even mention the content of the information accessible to the employee; rather, ... the focus is upon the level of association that the public officer or representative has with the employer's collective bargaining process. As interpreted by the PLRB, the exclusion under section 301(13)(*ii*) is limited to employees who work in a close continual relationship with "managerial personnel who actually participate in the collective bargaining in [sic] behalf of the public employer," ... in other words, those who actually formulate, determine or effectuate the employer's labor policy.

3. Our scope of review is limited to determining whether the PLRB's essential findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *School District of Philadelphia v. Pennsylvania Labor Relations Board*, 719 A.2d 835, 837 (Pa.Cmwlth.1998).

762 A.2d at 1159 (emphasis in original) (citation omitted). Therefore, we concluded:

> Santillo is a member of the School District's negotiation team, sits at the bargaining table during negotiations and has assumed an intense role in negotiations with the teacher's union, custodians and the Act 93 employes.... Thus, Santillo indisputably qualifies as a "representative associated with collective bargaining" on behalf of the School District. Further, **as Santillo's only secretary, Dougherty clearly has a close continuing relationship with Santillo** and, thus, appears to have fully satisfied the PERA's *second* definition of a confidential employee.

*Id.* at 1158–59 (first emphasis added).

■ We agree with the Association that *North Hills* is distinguishable from the facts of this case. In *North Hills*, Dougherty was Santillo's only secretary, so a close continuing relationship between the two was presumed. *North Hills* does not address the situation presented here, where the employee's direct supervisor was not involved in collective bargaining but the employee performed isolated tasks related to collective bargaining for other administrators who were members of the bargaining team.[4]

In *Pennsylvania Labor Relations Board v. Altoona Area School District,* 480 Pa. 148, 389 A.2d 553 (1978), our Supreme Court considered a petition to add four school principal secretaries and the school district's payroll clerk to a bargaining unit. Applying subsection (ii) of section 301(13), the Supreme Court concluded that the four secretaries were not confidential employees because the principals for whom they worked had only a "tenuous" connection to the bargaining process. *Id.* at 156, 389 A.2d at 558.[5] For example, one secretary had typed materials related to collective bargaining on only two occasions in ten years. The Supreme Court explained that:

> to deny these secretaries the salutary effects of public employe status based on such a minimal connection with collective bargaining would distort the legislative intent to accord employes in the public sector the right to organize and have the benefit of union representation.

*Id.* at 157, 389 A.2d at 558.

In *Commonwealth ex rel. Gallas v. Pennsylvania Labor Relations Board,* 161 Pa.Cmwlth. 97, 636 A.2d 253 (1993), *aff'd,* 542 Pa. 159, 665 A.2d 1185 (1995), this court considered the applicability of section 301(13) to the following categories of common pleas court employees: court in-

---

**4.** The PLRB also relied on *Westmont Hilltop School District,* 33 PPER ¶ 33067 (2002). PLRB decisions, however, are not binding on this court. *Millcreek Township School District v. Pennsylvania Labor Relations Board,* 158 Pa.Cmwlth. 156, 631 A.2d 734, 738 (1993). In any event, *Westmont* is distinguishable on its facts. In *Westmont,* the PLRB concluded that a school district secretary/payroll clerk was confidential under section 301(13)(ii). The payroll clerk worked closely with the business manager, who was a member of the district's bargaining team, and prepared spreadsheets for the business manager's use in bargaining proposals. Here, however, the business manager for whom Arrow worked had no role in collective bargain-

ing. Although Arrow occasionally prepared materials for use by the superintendent and assistant superintendent at the bargaining table, she did so on only two occasions. There was no showing that Arrow had the type of close continuing relationship with Dr. Todora and Dr. Roppa that was found between the payroll clerk and her supervisor in *Westmont.*

**5.** With respect to the payroll clerk, the Supreme Court applied subsection (i) of section 301(13) because, unlike the four secretaries, the payroll clerk maintained an office in the district's central personnel office. *Altoona,* 480 Pa. at 158, 389 A.2d at 559.

terpreters, court reporters, administrative secretaries, general tipstaves, judicial tipstaves, and judicial secretaries. We concluded that, of the six categories, only judicial secretaries and judicial tipstaves were confidential under section 301(13)(ii) because they: (1) are part of the judge's personal staff; (2) are subject to discipline or dismissal at the judge's discretion; and (3) have complete access to the judge's personal chambers and files. *Id.* at 256. In other words, judicial secretaries and judicial tipstaves are the only court employees who work in a close continuing relationship with individual judges. *Id.* at 257.

In *North Hills, Altoona,* and *Gallas,* the employees that were found to have a "close continuing relationship" under section 301(13)(ii) worked directly for members of the bargaining team and/or performed work related to collective bargaining on a regular basis. According to the PLRB, the evidence in this case showed that Arrow performed tasks for Dr. Todora and Dr. Roppa related to collective bargaining on only two occasions. (*See* Final Order at 2, 5.) Therefore, we conclude that the evidence was insufficient to prove that Arrow had a close continuing relationship with Dr. Todora and Dr. Roppa.

### (2) Section 301(13)(i) of PERA

Next, the Association asserts that the PLRB applied the wrong subsection of section 301(13) of PERA in determining whether Arrow was a confidential employee. The Association argues that the PLRB should have analyzed the accounts payable clerk position under subsection (i), and, under that subsection, Arrow is not a confidential employee.

The plain language of section 301(13) indicates that an employee may be deemed confidential if he or she satisfies the requirements of **either** subsection (i) **or** subsection (ii). *See* 43 P.S. § 1101.301(13). Because the PLRB determined that Arrow satisfied the requirements of subsection (ii), it did not need to address whether she was also a confidential employee under subsection (i).

However, in light of our conclusion that Arrow is not a confidential employee under subsection (ii), we must remand this matter for the PLRB's consideration of Arrow's status under subsection (i). At the hearing, the District presented evidence regarding the content of the information to which Arrow was exposed as accounts payable clerk, as well as the physical layout of the District's central administration office. Such evidence was relevant to the issues of whether Arrow worked in the District's "personnel offices" and whether she had access to information used in the bargaining process as required by subsection (i). Because the PLRB made no findings of fact or conclusions of law on those issues, we must remand for further proceedings. *See, e.g., Altoona,* 480 Pa. at 160, 389 A.2d at 559–60 (remanding matter to PLRB for additional findings of fact and conclusions of law regarding payroll clerk's status under section 301(13)(i) of PERA).

### (3) Scattering of Confidential Duties

Finally, the Association challenges the PLRB's finding that the District did not scatter confidential duties among its employees. The Association claims that the evidence shows that Dr. Todora did not utilize her personal secretary to prepare information related to collective bargaining. Instead, it claims that Dr. Todora assigned certain secretarial work to a substitute bargaining unit secretary, despite the availability of four other non-unit confidential employees. If Arrow is also excluded from the unit as a confidential employee, then four of the ten positions would be excluded. The Association claims that this amount is excessive.

As the PLRB points out, the Association cites no authority for its contention that 40% is an excessive percentage of exclusions. Moreover, it is neither unreasonable nor unusual for the District to ask the accounts payable clerk to provide cost calculations and other financial data needed for the bargaining process, as she is the employee who has access to that information. The PLRB concluded that the District merely assigned duties to its employees based on the different functions they performed. We find no error.

Accordingly, because the District failed to prove that Arrow had a close continuing relationship with Dr. Todora and Dr. Roppa, we conclude that the PLRB erred in concluding that Arrow is a confidential employee under section 301(13)(ii) of PERA. Therefore, we reverse and remand this matter to the PLRB for consideration of Arrow's status under section 301(13)(i) of PERA.

Judge SIMPSON dissents.

#### ORDER

AND NOW, this 14th day of June, 2011, we hereby reverse the July 12, 2010, final order of the Pennsylvania Labor Relations Board and remand this matter for further proceedings.

Jurisdiction relinquished.