J-S42040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN HANEEFAH GREENE | : | |
| | : | |
| Appellant | : | No. 531 WDA 2022 |

Appeal from the Judgment of Sentence Entered December 28, 2021
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000846-2021

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED:  March 8, 2023**

Appellant, Kevin Haneefah Greene, appeals from the judgment of sentence of 4 to 24 months' incarceration imposed after he pled guilty to flight to avoid apprehension.[1]  For the reasons set forth below, we are compelled to vacate and remand with instructions to permit Appellant to withdraw his guilty plea.

Appellant was charged on August 3, 2021 with burglary, flight to avoid apprehension and other offenses arising out of an August 1, 2021 burglary of a home and a police chase that ensued.  On December 14, 2021, Appellant entered a negotiated plea of guilty to flight to avoid apprehension under a plea

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 5126(a).

agreement that provided that the Commonwealth would *nolle pros* all of the other charges and recommend a sentence in the mitigated range with immediate parole. N.T. Guilty Plea at 2-4. At this plea hearing, the trial court questioned Appellant concerning his understanding of his plea and the voluntariness of his plea, but neither the Commonwealth nor the trial court elicited the factual basis for the plea or put on the record any evidence supporting the charge to which Appellant pled guilty. *Id.* at 2-5. At the plea hearing, the trial court scheduled Appellant's sentencing for December 28, 2021. *Id.* at 4.

On December 21, 2021, before he was sentenced, Appellant filed a motion to withdraw his guilty plea. On December 28, 2021, the trial court heard argument and statements from Appellant and his counsel concerning the motion to withdraw his guilty plea. N.T. Sentencing at 2-9. Appellant stated that he wished to withdraw his guilty plea because

> [O]n the day when I [pled guilty] I was going through symptoms of COVID-19 and I was on quarantine restrictions for having COVID. And at the time I was on medication. And then also on top of that, when my lawyer explained it to me, for now, he's saying to the lowest grade of felony offense, but at the time he only said the lowest grade offense, which would be a misdemeanor 3. So that's where misunderstanding, miscommunication became involved.
>
> So that's why I just wanted to take the plea back and I don't want that plea because I feel for one, it's an unintelligent plea for me to take based on me not even committing this crime, when it was explained automatic parole, I thought that meant that when I get sentenced, that I was able to go home and automatically be back on parole.

> Then it was confusing because, it's like all right you got transferred back to New Jersey [for a parole violation in that state]. And like, it was just confusing to me. It was confusing to me and, honestly, I would not have volunteered to take that plea if I had a better understanding and knew exactly like what I was getting myself into.

*Id.* at 6-7. Appellant further stated: "I did not commit this crime and I feel like you're forcing me to take this plea when I just told you that I do not want this plea." *Id.* at 9. In addition, Appellant's counsel stated that Appellant was contending that the GPS evidence that the Commonwealth contended placed him at the scene was inaccurate and that this created a factual issue and stated that Appellant had not received the Commonwealth's video evidence at the time that he pled guilty. *Id.* at 5-6. The Commonwealth did not introduce or proffer any evidence of Appellant's guilt in response to the motion to withdraw the plea or argue against the motion. *Id.* at 2-9.

The trial court denied Appellant's motion to withdraw his guilty plea. N.T. Sentencing at 7-8; Trial Court Order, 12/28/21. The trial court then sentenced Appellant in accordance with the plea agreement to 4 to 24 months with credit for time served and immediate parole. N.T. Sentencing at 9-10. Appellant filed a timely post-sentence motion asserting that the denial of his pre-sentence motion to withdraw his guilty plea was error and making a post sentence motion to withdraw his plea. The trial court denied Appellant's post sentence motion on April 11, 2022. Trial Court Order, 4/11/22. This timely appeal followed.

Appellant presents the following two issues for our review:

1. Whether the Court abused its discretion in denying the Appellant's Motion to Withdraw Guilty Plea prior to sentencing by Order dated December 28, 2021?

2. Whether the Court abused its discretion in denying the Appellant's Post-Sentence Motion to Withdraw Guilty Plea by Order dated April 11, 2022?

Appellant's Brief at 4. We review the denial of both pre-sentence and post-sentence motions to withdraw a guilty plea for abuse of discretion. *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017); *Commonwealth v. Baez*, 169 A.3d 35, 39 (Pa. Super. 2017). We conclude that the trial court abused its discretion in denying Appellant's pre-sentence motion to withdraw his guilty plea and therefore do not address Appellant's second issue.

Where a defendant requests to withdraw his guilty plea before he is sentenced, the trial court has discretion to grant the withdrawal and that discretion is to be liberally exercised to permit withdrawal of the plea if two conditions are present: 1) the defendant demonstrates a fair and just reason for withdrawing the plea and 2) it is not shown that withdrawal of the plea would cause substantial prejudice to the Commonwealth. *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291-92 (Pa. 2015); *Baez*, 169 A.3d at 39; *Commonwealth v. Islas*, 156 A.3d 1185, 1188 (Pa. Super. 2017); *see also* Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, … the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not

guilty"). Because there was no showing in this case that withdrawal of Appellant's guilty plea would have prejudiced the Commonwealth, the sole issue with respect to Appellant's pre-sentence motion to withdraw his guilty plea is whether Appellant satisfied the requirement that he demonstrate a fair and just reason for withdrawing the plea.

Appellant argues that his assertions of innocence, duress, and misunderstanding concerning his plea demonstrated a fair and just reason for withdrawing his guilty plea. Appellant's claims of duress and misunderstanding of his plea cannot provide a fair and just reason to allow withdrawal of the plea because they are contradicted by the record.

At the plea hearing and in the written colloquy that Appellant signed before pleading guilty, Appellant represented that he was pleading guilty voluntarily and of his own free will, that he had no physical or mental illness that affected his ability to understand or affected the voluntariness of his plea, and that he was not taking any medication that affected his thinking or his free will. N.T. Guilty Plea at 4; Written Guilty Plea Colloquy at 3, 9. In addition, the trial court found from its observations of Appellant at the plea hearing that Appellant did not appear distressed. Trial Court Opinion at 3, 5.

It was made clear to Appellant, at both the plea hearing and in his written colloquy, that he was pleading guilty to a third-degree felony, not a misdemeanor, and Appellant acknowledged that he understood that he was pleading guilty to a third-degree felony. N.T. Guilty Plea at 2; Written Guilty

- 5 -

Plea Colloquy at 1.  The record is also clear that Appellant was advised and acknowledged that he understood that he was subject to possible incarceration in New Jersey as a result of his guilty plea and that immediate parole from the offense to which he was pleading would not mean immediate freedom.  N.T. Guilty Plea at 3-4.   A defendant is bound by the statements that he made during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea.  ***Commonwealth v. Jamison***, 284 A.3d 501, 506 (Pa. Super. 2022); ***Commonwealth v. Jabbie***, 200 A.3d 500, 506-07 (Pa. Super. 2018); ***Commonwealth v. Muhammad***, 794 A.2d 378, 384 (Pa. Super. 2002).  The trial court therefore did not abuse its discretion in rejecting these grounds for withdrawal of Appellant's plea.

In contrast, Appellant's claim of innocence was not contradicted by the record and was a sufficient ground for withdrawal of his plea.  A plausible claim of innocence, supported by some facts or explanation, constitutes a fair and just reason for pre-sentence withdrawal of a guilty plea.  ***Commonwealth v. Garcia***, 280 A.3d 1019, 1023, 1025-27 (Pa. Super. 2022); ***Islas***, 156 A.3d at 1191-92.  A bare assertion by the defendant that he is innocent without any indication of any supporting basis for that claim, however, does not automatically satisfy the requirement that the defendant show a fair and just reason for withdrawal of the plea.  ***Commonwealth v. Norton***, 201 A.3d 112, 120-23 (Pa. 2019); ***Commonwealth v. Hvizda***, 116

A.3d 1103, 1107 (Pa. 2015); *Carrasquillo*, 115 A.3d at 1292-93; *Baez*, 169 A.3d at 39-41.

In determining whether the defendant's claim of innocence is sufficiently plausible to constitute a fair and just reason for withdrawal of his plea, the strength of the Commonwealth's case in relation to the nature of the defendant's claim of innocence should be considered. *Garcia*, 280 A.3d at 1027; *Islas*, 156 A.3d at 1190. Whether the plea was entered well in advance of trial or on the eve of trial, whether the defendant knew the evidence against him when he entered the plea, and whether the defendant promptly sought to withdraw the plea are also factors that bear on whether the denial of a pre-sentence motion to withdraw a plea is an abuse of discretion. *Norton*, 201 A.3d at 121-22; *Garcia*, 280 A.3d at 1027; *Islas*, 156 A.3d at 1190-91.

> [T]he determination of whether there is a "fair and just reason" to permit the pre-sentence withdrawal request should be based on the totality of the circumstances attendant at the time of the request, including the timing of the assertion of innocence, the statements made by the defendant in association with his declaration of innocence, and the plausibility of the defendant's statements in light of the evidentiary proffer made by the Commonwealth at the plea hearing.

*Commonwealth v. Johnson-Daniels*, 167 A.3d 17, 24 (Pa. Super. 2017). The trial court's discretion in ruling on a pre-sentence motion to withdraw a guilty plea is not unfettered and must be consistent with the requirement that such motions be granted liberally. *Norton*, 201 A.3d at 121. In addition, the court's credibility determinations on which it bases its decision must be supported by the record. *Id.*

Here, the claims of innocence that Appellant made at the December 28, 2021 hearing were statements that "it's an unintelligent plea for me to take based on me not even committing this crime" and that "I did not commit this crime." N.T. Sentencing at 6, 9. Appellant did not refer to facts or evidence in the case that explained a basis for a claim that he did not commit the crime of flight to avoid apprehension, although he and his counsel did state that he was contesting what certain evidence showed. *Id.* at 5-9. There was, however, no evidence or proffer of evidence of guilt whatsoever weighing against Appellant's assertion of innocence. At the plea hearing, neither the trial court nor the Commonwealth set forth any factual basis for Appellant's plea and the Commonwealth did not introduce or proffer any evidence that Appellant committed the offense of flight to avoid apprehension or any other crime. N.T. Guilty Plea at 2-5. In addition, the Commonwealth neither introduced nor proffered any evidence of Appellant's guilt in response to the motion to withdraw the plea. N.T. Sentencing at 2-9.

Moreover, there was nothing in the timing of the plea or motion to withdraw the plea that could weigh against allowing withdrawal of the plea. Appellant entered his plea on the date of a pretrial conference less than five months after his arrest, not at or on the eve of trial, and he had not received all of the Commonwealth's discovery at the time of his plea. Trial Court Order, 11/17/21 (scheduling motion for omnibus pre-trial relief and pre-trial conference for December 14, 2021); N.T. Sentencing at 5-6. Appellant filed

his motion to withdraw his plea only one week after entering the plea and a week before sentencing.

These facts stand in sharp contrast to the cases where this Court and our Supreme Court have held that a bare claim of innocence was insufficient to require the trial court to permit pre-sentence withdrawal of a plea. In those cases, the record showed that there was substantial evidence of the defendant's guilt, that there were factors concerning the timing of the plea or the motion to withdraw that negated a fair and just reason for allowing the withdrawal, or both. *Norton*, 201 A.3d at 123 (defendant's bare assertion of innocence was not sufficient to require the trial court to permit withdrawal of the plea because the plea was entered on the day of trial, defendant delayed in seeking to withdraw the plea, and there was strong prosecution evidence of guilt, including an admission of sexual abuse by the defendant) (Saylor, C.J. and Todd and Dougherty, JJ., concurring); *Hvizda*, 116 A.3d at 1104-05, 1107 (bare assertion of innocence was insufficient to require trial court to grant withdrawal of plea where Commonwealth introduced in evidence defendant's prison phone call statements admitting that he committed the crime in response to motion to withdraw plea); *Carrasquillo*, 115 A.3d at 1285-86, 1292-93 (bare assertion of innocence was insufficient to require trial court to grant withdrawal of plea given evidence of guilt proffered at plea hearing, which included statements of defendant, identification by the victims, and DNA evidence, and the fact that defendant did not seek to withdraw the

plea until his sentencing over three months later); *Jamison*, 284 A.3d at 504-05 (plea was entered at trial after Commonwealth rested and Commonwealth's evidence negated defendant's bare claim of innocence); *Commonwealth v. Williams*, 198 A.3d 1181, 1186 (Pa. Super. 2018) (record showed that defendant's DNA was found in rape kit samples taken from victim); *Commonwealth v. Davis*, 191 A.3d 883, 885, 890-91 (Pa. Super. 2018) (plea was entered on the day of trial, motion to withdraw plea was made over two years later, and Commonwealth had made extensive evidentiary proffer showing defendant's guilt); *Baez*, 169 A.3d at 37-38, 40-41 (plea was entered at trial after multiple Commonwealth witnesses had testified and Commonwealth's evidence negated defendant's claim of innocence); *Johnson-Daniels*, 167 A.3d at 24-25 (plea was entered on the day of trial, motion to withdraw plea was made during sentencing seven weeks later after hearing Commonwealth's sentencing recommendation, and Commonwealth had made extensive evidentiary proffer showing defendant's guilt at plea hearing); *Commonwealth v. Blango*, 150 A.3d 45, 48 (Pa. Super. 2016) (defendant had admitted committing the crime in his testimony at co-defendants' trial).

The trial court acknowledged that it was required to consider the totality of the circumstances, including whether there was evidence or a proffer of evidence of guilt, in determining whether Appellant's claim of innocence constituted a fair and just reason for allowing withdrawal of his guilty plea.

Trial Court Opinion at 8. The trial court concluded that the Appellant's bare assertions of innocence were insufficient because "the record reveals that the Commonwealth is in possession of video and GPS tracking data from an ankle monitor [Appellant] was wearing as a condition of his supervised release that placed him in the area of the burglary on August 1, 2021." *Id.* at 9. That cannot support a conclusion that Appellant's claim of innocence is not plausible for two reasons. First, evidence that the defendant was in an area where a burglary was committed does not show that he was guilty of the offense to which Appellant pled guilty, flight to avoid apprehension, and therefore does not negate Appellant's claim of innocence of that charge. Second, and most importantly, the evidence on which the trial court relied was not in the record or before the trial court. To the contrary, the trial court's statements at the sentencing hearing demonstrate that it had not viewed the Commonwealth's video evidence and Appellant in response denied that the video evidence implicated him in the crime. N.T. Sentencing at 7-8.

Because the trial court's conclusion that Appellant's assertion of innocence was not plausible was based on assumptions not supported by the record and there was no evidence or proffer of evidence of guilt in the record or facts concerning the timing of the plea or plea withdrawal that could make withdrawal of the plea unfair or unjust, the trial court abused its discretion in denying Appellant's pre-sentence motion to withdraw his guilty plea. Accordingly, we vacate Appellant's judgment of sentence and remand this

- 11 -

case to the trial court with instructions to grant Appellant's motion to withdraw his guilty plea.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2023